UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-1934

CARLOS NEGRIN,
and other similarly situated
individuals,

     Plaintiff(s),

v.

VISION LANDSCAPE SERVICES
OF FLORIDA, INC.,
and SCOTT WHORRALL, individually,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, CARLOS NEGRIN, and other similarly-situated

individuals, by and through the undersigned counsel, and hereby sues

Defendants, VISION LANDSCAPE SERVICES OF FLORIDA, INC, and SCOTT

WHORRALL, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages

under United States laws. This Court has jurisdiction pursuant to the Fair

Page **1** of **14**

Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, CARLOS NEGRIN (hereinafter, "NEGRIN" or "Plaintiff"), is a resident of Collier County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, VISION LANDSCAPE SERVICES OF FLORIDA, INC. (hereinafter, "VISION", or "Defendant"), is a Florida Profit Corporation doing business in Florida. Defendant has a place of business in Bonita Springs, Lee County, within this Honorable Court's Jurisdiction. At all times material hereto, Defendant VISION was and is engaged in interstate commerce.

4. Defendant VISION is the Employer of Plaintiff and others similarly-situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Individual Defendant, SCOTT WHORRALL (hereinafter, "WHORRALL" or "Defendant"), is the owner/president/and/or manager of Defendant VISION. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

6. All the actions raised in this Complaint took place in Lee County, Florida, within this Honorable Court's jurisdiction.

## General Allegations

7. This cause of action is brought by Plaintiff NEGRIN as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June of 2023, (the "material time") without being adequately compensated.

8. Defendant VISION is a full-service lands cape management firm based in Bonita Springs, Florida. Defendant Vision is located at 8789 Commerce Drive, Bonita Springs, FL 34135, where Plaintiff reported for work.

9. At all relevant times, Defendant VISION was engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA. Defendant VISION had annual gross sales or business done in excess of $500,000.00.

10. At all relevant times, individual Defendant WHORRALL, was the owner, President, and/or manager of VISION.  Defendant WHORALL acted as an employer within the meaning of 29 U.S.C. § 203(d), exercising direct control over the business' operations, including hiring, supervision, and

compensation of Plaintiff and similarly-situated employees. As such, individual Defendant WHORRALL is jointly and severally liable for the damages sustained by the Plaintiff.

11. Defendants VISION and WHORRALL employed Plaintiff NEGRIN as a non-exempted, full-time employee from approximately July 1st, 2025, to March 10th, 2026, or 36 weeks.

12. Plaintiff had duties as a landscaper, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should have been $27.00 per hour.

13. During his employment with Defendant, Plaintiff worked from Monday through Thursday, from 6:00 AM till completion of his duties.  Plaintiff worked over 40 hours each week of his employment.

14. Notwithstanding, Plaintiff and other similarly-situated individuals were not allowed to clock in and out themselves.  Rather, the leader of the crew would clock in and out Plaintiff and other employees via a company telephone in possession of the lead employee.

15. While Plaintiff commenced work at 6:00 AM, the lead employee would not clock-in Plaintiff, and other employees, until 6:30 AM or later.  This resulted in at least 2 hours per week of compensable overtime work that was not properly compensated.

16. Additionally, Plaintiff was also clocked-out of work by the lead employee and Plaintiff does not know at this time whether the lead employee clocked him out at the correct time.

17. While employed by Defendants, Plaintiff always worked in excess of 40 hours, but he was not paid for all his working hours, as required by law.

18. While Plaintiff did not clock-in and out himself, Defendants were in complete control of Plaintiff's schedule and hours of work.  Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was actually working.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid with checks, with paystubs that did not reflect the actual number hours worked.  Plaintiff disagreed with the number of hours reflected on his paycheck.

21. On or about March 10th, 2026, Plaintiff was wrongfully terminated by the Defendants in violation of the Florida Private Sector Whistleblower Act (F.S. §§ 448.101-448.105).

22. Plaintiff NEGRIN seeks to recover overtime hours at the rate of time and one-half for any unpaid overtime hour, plus liquidated damages, costs, attorney's fees, and any other relief as allowable by law.

CollectiveAction Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every landscaping employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**<br>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**<br>**FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS**

26. Plaintiff NEGRIN re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff NEGRIN and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's

fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

28. Defendant VISION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a lawn care and landscaping company engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant VISION regularly and recurrently used instrumentalities of interstate commerce; regularly and recurrently used materials and supplies produced out of state; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; etc. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced

for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

30. Individual Defendant, WHORRALL, is the owner/president/and/or manager of Defendant VISION. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

31. At all relevant times, individual Defendant WHORRALL, was the owner, President, and/or manager of VISION. Defendant WHORALL acted as an employer within the meaning of 29 U.S.C. § 203(d), exercising direct control over the business' operations, including hiring, supervision, and compensation of Plaintiff and similarly-situated employees. As such, individual Defendant WHORRALL is jointly and severally liable for the damages sustained by the Plaintiff.

32. Defendants VISION and WHORRALL employed Plaintiff NEGRIN as a non-exempted, full-time employee from approximately July 1st, 2025, to March 10th, 2026, or 36 weeks.

33. Plaintiff had duties as a landscaper, and he was paid an hourly rate of $18.00. Plaintiff's overtime rate should have been $27.00 per hour.

34. During his employment with Defendant, Plaintiff worked from Monday through Thursday, from 6:00 AM till completion of his duties.  Plaintiff worked over 40 hours each week of his employment.

35. Notwithstanding, Plaintiff and other similarly-situated individuals were not allowed to clock in and out themselves.  Rather, the leader of the crew would clock in and out Plaintiff and other employees via a company telephone in possession of the lead employee.

36. While Plaintiff commenced work at 6:00 AM, the lead employee would not clock-in Plaintiff, and other employees, until 6:30 AM or later.  This resulted in at least 2 hours per week of compensable overtime work that was not properly compensated.

37. Additionally, Plaintiff was also clocked-out of work by the lead employee and Plaintiff does not know at this time whether the lead employee clocked him out at the correct time.

38. While employed by Defendants, Plaintiff always worked in excess of 40 hours, but he was not paid for all his working hours, as required by law.

39. While Plaintiff did not clock-in and out himself, Defendants were in complete control of Plaintiff's schedule and hours of work.  Defendants could track the number of hours worked by Plaintiff and other similarly

situated individuals and knew the number of hours that Plaintiff was actually working.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid with checks, with paystubs that did not reflect the actual number hours worked.  Plaintiff disagreed with the number of hours reflected on his paycheck.

42. On or about March 10th, 2026, Plaintiff was wrongfully terminated by the Defendants in violation of the Florida Private Sector Whistleblower Act (F.S. §§ 448.101-448.105).

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

44. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants also violated the Posting requirements of 29 U.S.C. § 516.4.

46. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollection and to the best of his knowledge. Upon discovery, Plaintiff will amend his statement of claim as necessary.

   a. Total amount of alleged unpaid O/T wages:

   One-Thousand, Nine-Hundred, Forty-Four Dollars and 00/100 ($1,944.00)

   b. Calculation of such wages:

   Total period of employment:  36 weeks
   Relevant weeks of employment:  36 weeks
   Regular rate: $18.00 x 1.5=$27.00 O/T rate
   O/T rate: $27.00
   $27.00 x 2 OT hours x 36 weeks = $1,944.00
   + Liquidated Damages of $1,944.00

   Total = $3,888.00 liquidated

   c. Nature of wages (e.g., overtime or straight time):

   This amount represents unpaid overtime wages.

47. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that, Plaintiff and those similarly situated

performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendants VISION and WHORRELL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff NEGRIN and those similarly situated respectfully

request that this Honorable Court:

A. Enter judgment for Plaintiff NEGRIN and other similarly situated individuals and against Defendants VISION and WHORRELL based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff NEGRIN actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff NEGRIN demands a trial by a jury of all issues triable as a right by a jury.

Dated: June 9th, 2026,

Respectfully submitted,

By: _/s/ Alexis Mena-Glasgow_
**Alexis Mena-Glasgow**
SIMPSON & MENA, P.A.
Florida Bar No.: 117839

2250 SW Third Avenue, Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorneys for Plaintiff*